## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANGEL FELIPE BOLANO REINA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **J.L. JAMISON, Warden, Federal Detention** | : | |
| **Center, Philadelphia, JOHN E. RIFE, Acting Field** | : | |
| **Office Director, Immigration and Customs** | : | |
| **Enforcement, Enforcement and Removal** | : | |
| **Operations, Philadelphia Field Office,** | : | |
| **MARKWAYNE MULLIN, Secretary of the** | : | |
| **Department of Homeland Security, TODD** | : | |
| **BLANCHE, Acting U.S. Attorney General, U.S.** | : | |
| **DEPARTMENT OF HOMELAND SECURITY,** | : | |
| **EXECUTIVE OFFICE OF IMMIGRATION REVIEW** | : | **NO. 26-4573** |

## <u>ORDER</u>

**NOW**, this 2nd day of July, 2026, upon consideration of Petitioner Angel Felipe Bolano Reina's Verified Petition for Writ of Habeas Corpus (Doc. No. 1) and the government's opposition, **IT IS ORDERED** that the petition is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** as follows:

1.      Bolano Reina is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2.      The government shall release Bolano Reina from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than **12:00 P.M. E.T.** on **July 3, 2026**.

3.      The government shall return all personal belongings confiscated from Bolano Reina upon his detention, including identification documents.

4.      The government is temporarily enjoined from re-detaining Bolano Reina for seven days following his release from custody.

5.      If the government pursues re-detention of Bolano Reina, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

6.      The government shall not remove, transfer, or otherwise facilitate the removal of Bolano Reina from the Eastern District of Pennsylvania prior to the ordered bond hearing.

7.      If the immigration judge determines Bolano Reina is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Bolano Reina if unforeseen or emergency circumstances arise that require his removal from the Eastern District of Pennsylvania.  That request must set forth the grounds for the request and a proposed destination.[1]

TIMOTHY J. SAVAGE, J.

---

[1] Bolano Reina, a citizen of Venezuela, entered the United States in February 2023 and presented himself to U.S. Customs and Border Protection at a designated port of entry.  *See* Verified Pet. for Writ of Habeas Corpus ["Pet."] ¶ 21, ECF No. 1.  The Department of Homeland Security ("DHS") detained and processed him, then released him on humanitarian parole.  *See id.*  DHS did not initiate removal proceedings against him.  *Id.* ¶ 23.  After his release, he submitted an application for asylum.  *Id.*  He obtained employment authorization and has maintained steady work in the construction industry.  *Id.* ¶ 25. He has no criminal history.  *Id.* ¶ 54.  His wife and children live in the U.S.  *Id.* ¶ 25.

As a condition of his parole, Bolano Reina is required to check in with Immigration and Customs Enforcement ("ICE") at regular intervals.  *Id.*  He has attended all his required check-in appointments.  *Id.* ¶ 24.  On or about June 3, 2026, while attending a scheduled check-in, DHS detained him with no prior notice or opportunity to contest his detention and initiated removal proceedings against him.  *Id.* ¶¶ 26–27.

The government has denied Bolano Reina the opportunity for a hearing conducted by a neutral decisionmaker to determine whether his detention is warranted based on danger or flight risk.  *See* Respondents' Opp'n to Pet. for Writ of Habeas Corpus 9, ECF No. 3.  It contends that detaining him without a bond hearing is lawful under 8 U.S.C. § 1225(b)(2).  *See id.* at 8–9.

Section 1225(b)(2) does not apply to individuals like Bolano Reina, who are not actively trying to enter the country, but have been living here for an extended period.  *See Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *1, *4–5 (E.D. Pa. Nov. 18, 2025).  The provision that applies to Bolano Reina is 8 U.S.C. § 1226(a).  That provision mandates a hearing.  *See* 8 C.F.R. §§ 1236.1(c)(8), (d).  We have held in nearly identical cases where the parties made the same arguments that detention without a bond hearing violates 8 U.S.C. § 1226(a) and the Due Process clause of the Fifth Amendment.  *See, e.g., Diallo v. O'Neill et al.*, Civ. A. No. 25-6358, 2025 WL 3298003, at *4–6 (E.D. Pa. Nov. 26, 2025).  The same reasoning applies here.